**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**MAY 07 2021**

JEFFREY P. COLWELL
CLERK

Civil Action No. <u>1:21 -cv- 01128-GPG</u>

<u>Miguel Angel Botello</u>, Applicant,

v.

<u>JOHN FABBRICATORE, Field Director, Immigration and Customs Enforcement;</u>
<u>TAE JOHNSON, Acting Director for Immigration and Customs Enforcement;</u>
<u>ALEJANDRO MAYORKAS, Acting Secretary of the Department of Homeland Security;</u>
<u>MERRICK B. GARDLAND, Attorney General, United States of America; and</u>
<u>JOHNNY CHOATE, Warden, The GEO Group, Aurora Immigration and Customs Enforcement</u>
<u>Processing Center</u>, Respondent.

*(Note: If you are attacking the validity of a state conviction or sentence and not the execution of*
*your sentence, you must file an application for a writ of habeas corpus pursuant to 28 U.S.C. §*
*2254. If you are attacking the validity of a judgment entered in a federal court, you must file a*
*motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.)*

---

**APPLICATION FOR A WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2241**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from
public access to electronic court files. Under this rule, papers filed with the court should not
contain: an individual's full social security number or full birth date; the full name of a person
known to be a minor; or a complete financial account number. A filing may include only: the
last four digits of a social security number; the year of an individual's birth; a minor's initials;
and the last four digits of a financial account number.

**A. APPLICANT INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be*
*served by filing a notice of change of address. Failure to keep a current address on file with the*
*court may result in dismissal of your case.*

Miguel Angel Botello, A#216158980, Aurora Detention Center, 3130 North Oakland Street,
Aurora, CO 80010.

*Indicate whether you are a prisoner or other confined persons as follows: (Check one)*

\_\_\_\_  Pretrial detainee
\_\_\_\_  Civilly committed detainee
__xxx__  Immigration detainee
\_\_\_\_  Convicted and sentenced state prisoner
\_\_\_\_  Convicted and sentenced federal prisoner
\_\_\_\_  Other: *(Please explain)* _____

## B.   RESPONDENT INFORMATION

JOHN FABBRICATORE, ICE Field Director, Denver District, 12445 E. Caley Avenue, Centennial, CO 80111; TAE JOHNSON, Acting Director U.S. Immigration and Customs Enforcement, 500 12th St. SW, Washington, D.C. 20536; ALEJANDRO MAYORKAS, U.S. Secretary of the Department of Homeland Security, 3801 Nebraska Ave. NW, Washington, D.C. 20016; MERRICK B. GARDLAND, Attorney General, United States of America, 950 Pennsylvania Ave NW Suite 7141, Washington, D.C. 20530; JOHNNY CHOATE, Warden, The GEO Group, Aurora Immigration and Customs Enforcement Processing Center, 3130 Oakland Street, Aurora, CO 80010

## C.   STATEMENT OF CLAIMS

*State clearly and concisely every claim you are asserting in this action. For each claim, specify the right that allegedly has been violated and all facts that support your claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "C. STATEMENT OF CLAIMS."*

See "C. STATEMENT OF CLAIMS." attached page #   __5 - 7__

**D.   PRIOR APPLICATIONS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal court in which you raised or could have raised the claim(s) raised in this action?_____Yes **xxx** No (*Check one*).

*If your answer is "Yes," complete this section of the form.  If you have filed more than one prior application, use additional paper to provide the requested information for each prior application. Please indicate that additional paper is attached and label the additional pages regarding previous law suits as "D. PRIOR APPLICATIONS."*

| | |
|---|---|
| Name and location of court: | **N/A** |
| Case number: | **N/A** |
| Type of proceedings: | **N/A** |
| List the claim(s) raised: | **N/A** |
| Date and results :( Attach a copy of the decision if available) | **N/A** |
| Result on appeal, if appealed: | **N/A** |

**E.   ADMINISTRATIVE REMEDIES**

*WARNING: You must exhaust administrative and/or state remedies before filing an action in federal court pursuant to 28 U.S.C. § 2241.  Your case may be dismissed if you have not exhausted administrative and/or state remedies.  If additional space is needed to explain exhaustion, use extra paper to do so. Please indicate that additional paper is attached and label the additional pages regarding exhaustion as "E. ADMINISTRATIVE REMEDIES."*

Explain the steps you have taken to exhaust administrative and/or state remedies:

**See "E. ADMINISTRARTIVE REMEDIES." attached page #   8**

## F.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

**See "F. REQUEST FOR RELIEF." attached page #    9  -  11**

## G   APPLICANT'S SIGNATURE

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this application: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the application otherwise complies with the requirements of Rule 11.

_____
(Applicant's signature)

_____May 5, 2021_____
(Date)

## "C. STATEMENT OF CLAIMS."

**CLAIM ONE:** <u>Statutory Violation - 8 U.S.C. § 1231(a).</u>

Supporting Facts: Petitioner's continued detention by Respondents is unlawful and contravenes 8 U.S.C. § 1231 (a) (6) as interpreted by the U.S. Supreme Court in Zadvydas. The six-month presumptively reasonable period for continued removal efforts has expired. Petitioner still has not been removed. Petitioner's removal to Venezuela is not reasonably foreseeable. The Supreme Court held in Zadvydas and Martinez that I.C.E.'s continued detention of someone after six months where deportation is not reasonably foreseeable is unreasonably and in violation of 8 U.S.C. § 1231(a). 533 U.S. at 701. Petitioner seeks a writ of habeas corpus from this Court, under 28 U.S.C. § 2241, ordering his release from this unlawful detention.

1.    Petitioner. On October 18, 2019. I, Miguel Angel Botello, went incarcerated in the County Salt lake City. After being convicted in the United States Court for the Court of Utah, On January 16, 2020. I went sentenced to one hundred twenty days of jail in County Salt Lake City, with one felony of 3rd degree. <u>Case No. 191404333</u>. On February 11, 2020. I went to take to ICE on custody. On February 19, 2020. I arrived to Aurora / ICE Processing Center.

2.    Petitioner. On February 24, 2020. I, Miguel Angel Botello asked my deportation to Venezuela before a Judge Immigration because an ICE's officer say me that in two months they could to take me to my Country, I have a restriction order with my daughter, my sister died in that time and my mother is only at my country with the baby of my sister deceased and I need to help. I have been removed that day. *Exhibit 1, Page. 13-16.*

**CLAIM TWO:** Substantive Due Process Violation - Fifth Amendment

Supporting Facts:    Petitioner's continued detention violates petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint. *See. E.g., Tam v. I.N.S., 14 F. supp. 2d 1184 (E.D. Cal 1988) (Alien retain substantive due process rights).*

## "C. STATEMENT OF CLAIMS."

The Due Process Clause of the Fifth Amendments requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling government interest. While respondents would have an interest in detaining petitioner in order to effectuate removal, that interest does not justify the indefinite detention of petitioner, who is not significantly likely to be removed in the reasonably foreseeable future. The U.S. Supreme Court in Zadvydas thus interpreted 8 U.S.C. § 1231 (a) to allow continued detention only for a period reasonably necessary to secure the alien's removal, because any other reading would go beyond the government's articulated interest to effect the alien's removal. *See Kay v. Reno, 94 F. supp, 2d. 546, 551 (M.D. Pa 2000)* (grating writ of Habeas Corpus, because petitioner's substantive due process rights were violated, and noting that "If deportation can never occur, the government's primary legitimate purpose in detention executing removal is nonsensical.").

1.        Petitioner. My custody status was first reviewed On May 24, 2020. Around On July 2020, I did take a personal interview with two ICE`s officers, On August 2020, I, Miguel Angel Botello, talked with my ICE`s officer over my interview he did said me that my case was send to Washington. *Exhibit 2, page. 17.*

2.        Petitioner. On or about nine months after my removal order became final, ICE conducted another review, in a letter dated On November 16, 2020, On December 07, 2020, ICE informed me that I, Miguel Angel Botello, would not be released, because my deportation was "reasonably foreseeable." And that ICE ERO is in possession of a travel document to facilitate my removal from the United States. *Exhibit 3, page. 18-19.*

3.        Petitioner. In the three months that have passed since my last custody review On December 07, 2020. ICE notified me again On March 15, 2021. The decision to Continue in Detention and that ICE ERO is in possession of a travel document to facilitate my removal from United States in a reasonably foreseeable future. *Exhibit 4, page. 20.*

**"C. STATEMENT OF CLAIMS."**

**CLAIM THREE:** Procedural Due Process Violation.

Supporting Facts: Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that she/he should not be detained. Petitioner in this case has been denied that opportunity. I.C.E. does not make decisions concerning alien's custody status in a neutral and impartial manner. The failure of Respondents to provide a neutral decision maker to review the continued custody of petitioner violates petitioner's right to procedural due process. [Further, Respondents have failed to acknowledge or act upon the petitioner's administrative request for release in a timely manner. There is no administrative mechanism in place for the petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates Zadvydas.]

1.      Petitioner. On March 24, 2021. I, Miguel Ángel Botello send to ICE's Headquarter a letter review "400 – Days review letter and release from ICE custody under the established regulation zadvydas case". And On April 7, 2021. I was notified under a request form-kite, which I will be taken to my country. *Exhibit 5, page 21.*

2.      To my Knowledge, the government of Venezuela has not issued travel documents for me. Indeed, neither ICE nor Venezuela have provided any indication that Venezuela would accept me in the reasonably foreseeable future.

### E. ADMINISTRATIVE REMEDIES.

Petitioner, I, Miguel Angel Botello, have exhausted my administrative remedies to the extent required by law, and my only remedy is by way of this judicial action. After the Supreme Court decision in Zadvydas, the Department of Justice issued regulations governing the custody of aliens removed. See 8 C.F.R. § 241.4. My order of removal became final On February 24, 2020. At my "90-day" custody review, On Mayo 24, 2020. ICE decided to prolong my detention. It made the same decision On November 16, 2020, On December 07, 2020 and On March 15, 2021. Despite fourteen months now having passed since my removal order, ICE continues to keep me in custody.

Petitioner, I have cooperated fully with all efforts by ICE to remove me from the United States:

I submitted expired passport to ICE and driver license. *Exhibit 6, page 22-23.*

I submitted to ICE birth certificate. *Exhibit 7, page 24.*

I provided names and phones of my family and friends residing in the United States and at Venezuela. *Exhibit 8, page 25.*

I submitted to ICE. Letters certified sent to several Embassies or Consulates. *Exhibit 8, page 26.*

I provided true and correct name and date of birth about me.

I submitted documents on November, 2020 which show ICE that my country Venezuela is open to receive flights of others countries. *Exhibit 9, page 27.*

I cannot take any other action that will ensure the issuance of a travel   document and my removal from United States, because there are not embassies or consulates in territory The United States. Venezuela has broken off diplomatic relations with The United States. Venezuela does not accept deportation from United States.

## F. REQUEST FOR RELIEF

In Zadvydas v. Davis, 533 U.S. 678 (2001), the U.S. Supreme Court held that 8 U.S.C. § 1231 (a)(6), When "read in light of the Constitution's demands, limits an alien's post removal period detention to a period reasonably necessary to bring about that alien's removal form United States." 533U.S. at 689. A "habeas court must (First) ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Id*. At 699. If the individual's removal "is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by the statute." *Id*. At 699-700.

In determining the length of reasonable removal period, the court adopted a "presumptively reasonable period of detention" of six months. *Id* at 701. After six months, the government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." See. Zhou v. Farguharson, 2001 U.S. Dist. Lexis 18239, *2-*3 (D. Mass. Oct 19, 2001) (quoting and summarizing Zadvydas). Moreover, "for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 533 U.S. at 701. I.C.E.'s administrative regulations also recognize that the HQPDU has six month period for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. See 8 C.F.R. § 241.4 (k) (2) (ii).

Evidence showing successful repatriation of other persons to the country at issue is not sufficient to meet the government's burden to establish that an alien petition will be deported in the reasonably foreseeable future. See Thompson v. INS, 2002 U.S. Dist. Lexis 23936 (E.D. La. September 16, 2002) (government failed to show that alien's deportation to Guyana was reasonably foreseeable where the government offered historical statistics of repatriation to Guyana, but failed to show any response from Guyana on the application for travel document that I.N.S. and the petitioner had request). Rather for the government to meet its burden of showing that an alien's repatriation is reasonably foreseeable, it must provide some meaningful evidence particular to the individual petitioner's case.

### F. REQUEST FOR RELIEF

An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. See Agbada v. John Ashcroft, 2020 U.S. Dist. Lexis 15797 (D. Mass. August 22, 2002) (court "will likely grant" habeas petition after fourteen months if I.C.E. is "unable to present document confirmation that the Nigerian government has agreed to [petitioner's] repatriation"); Zhou, 2001 U.S. Dist. Lexis 19050 at *7 (W.D. Wash. February 28, 2002) (government's failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from the foreign government indicated that there was no significant likelihood of petitioner's removal in the reasonably foreseeable future).

Petitioner, I Miguel Angel Botello, have demonstrated good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. I have been in custody for fourteen months—well beyond the presumptively reasonable period of six months, I have cooperated with all efforts to deport me to Venezuela, including by submitting multiple grievances to complain that the deportation has yet to occur. <u>For the past six months, ICE has been representing to me that they have a travel document, but they have not effectuated my deportation.</u> A U.S. government official has made public comments that deportations to Venezuela cannot be carried out. Although [Jose Osorio (first cousin)] and Jose Osorio Echegaray (Civil Action No. 20-cv-00636), (District Court for the District of Colorado). at the Aurora Contract Detention Facility, operated by GEO Group, Inc., at 3130 North Oakland Street., Aurora, CO 80010 ("Aurora Detention Center")., two fellow citizens of Venezuela who were convicted like me, taken into ICE custody at this same facility months before me and also subject to a final order of removal, were released on October 23, 2019 and April 16, 2020 respectively. This is another case (Civil Action No. 6:20-cv-00497 SEC P.) on December 16, 2020, (Barco v. Witte, 2020 U.S Dist. LEXIS 238108). She was release (granting petitioner). United States District Court for the Western District of Louisiana Lafayette Division. This is another case (Civil Action No. 6:20-cv-00866 SEC P.) on October 14, 2020, (Balza v. Barr, 2020 U.S. Dist. LEXIS 190555).     She was release

## F. REQUEST FOR RELIEF

(granting requiring the immediate release petitioner). United States District Court for the Western District of Louisiana Lafayette Division. This is another case (Civil Action No. 5:19-cv-118-DCB-MTP.) on October 29, 2020, (Rangel v. Gillis, 2020 U.S. Dist. LEXIS 201578) He was release (Granted).United States District Court for the Southern District of Mississippi, Western Division.

The "evidence" presented by the government to rebut this showing is comprised of repeated statements that "[t]he Embassy of Venezuela has issued a travel document and my removal will occur in the reasonably foreseeable future." ICE made this statement to me, on November 16, 2020, on December 07, 2020 and again on March 15, 2021. However, ICE has refused to present this travel document to me. *Exhibit 10, page 28-29.*

WHEREFORE, Petitioner I, Miguel Angel Botello, pray that this Honorable Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order Respondents to show cause, within three days of filing this petition, why the writ of habeas corpus should not be granted; and set a hearing on this matter within five days of Respondents' return on the order to show cause, pursuant to 28 U.S.C. § 2243;

(3) Grant Petitioner a writ of habeas corpus directing Respondents to release Petitioner from custody immediately, under reasonable conditions of supervision;

(4) Order Respondents to refrain from transferring the Petitioner out of the jurisdiction of the I.C.E. Denver Field Office during the pendency of these proceedings and while the Petitioner remains in Respondents' custody;

(5) Award Petitioner attorneys' fees and costs under the Equal Access to Justice Act (EAJA), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law, as the position of the United States in this case is not substantially justified;

(6) Grant any other release that this court deems reasonable and proper.

# ꞏIndex.

**Exhibit 1:** Final removal order of the immigration Judge...............ꞏ..............13-16

**Exhibit 2:** Notice to Alien of file Custody Review May 24, 2020. Notice to Alien of Interview for Review of Custody Status................................................. 17

**Exhibit 3:** Decision to Continue Detention date on November 16, 2020 and December 07, 2020.....................................................................18-19

**Exhibit 4:** Decision to Continue Detention on March 15, 2021 .....................20

**Exhibit 5:** Request form-kite letter review "400 – Days review letter and release from ICE custody under the established regulation zadvydas case"..................21

**Exhibit 6:** Copy of passport expired and driver license ...........................22-23

**Exhibit 7:** Birth certificate, names and phones of my family and friends residing in the United States and at Venezuela..................................................24-25

**Exhibit 8:** Letters certified sent to several embassies or consulates...................26

**Exhibit 9:** Documents which show ꞏICE that my country Venezuela is open to receive flights of others countries.......................................................27

**Exhibit 10:** Request form-kite solicited to ICE about travel document issued for Venezuela`s government..........................................................28-29



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
AURORA IMMIGRATION COURT

Respondent Name:
BOTELLO, MIGUEL ANGEL

Alien Registration Number:
216158980
Riders:

Address:
3130 N. OAKLAND ST.
AURORA, CO 80010
Attorney Name:

In Removal Proceedings
Initiated by the Department of
Homeland Security

Date: 02/24/2020

Attorney Address:

### ORDER OF THE IMMIGRATION JUDGE

☑ This is a summary of the oral decision entered on 02/24/2020. The oral decision in this case is the official opinion, and the immigration court issued this summary for the convenience of the parties.

☑ Both parties waived the issuance of a formal oral decision in this proceeding.

**I. Removability**

The immigration court found Respondent ☑ removable ☐ inadmissible under the following Section(s) of the Immigration and Nationality Act (INA):

**II. Applications for Relief**

Respondent's application for:

A. Asylum/Withholding/Convention Against Torture
   ☐ Asylum was ☐ granted ☐ denied ☐ withdrawn.
   ☐ Withholding of Removal under the INA was ☐ granted ☐ denied ☐ withdrawn.
   ☐ Withholding of Removal under the Convention Against Torture was ☐ granted ☐ denied ☐ withdrawn.
   ☐ Deferral of Removal under the Convention Against Torture was ☐ granted ☐ denied ☐ withdrawn.
   ☐ Respondent knowingly filed a frivolous application for asylum after notice of the consequences.

B. Cancellation of Removal
   ☐ Cancellation of Removal for Lawful Permanent Residents under INA § 240A(a) was ☐ granted ☐ denied ☐ withdrawn.
   ☐ Cancellation of Removal for Nonpermanent Residents under INA § 240A(b)(1) was

Number: 216-158-980 Page 1 of 3

☐ granted ☐ denied ☐ withdrawn.
☐ Special Rule Cancellation of Removal under INA § 240A(b)(2) was ☐ granted ☐ denied ☐ withdrawn.

### C. Waiver
☐ A waiver under INA §
was ☐ granted ☐ denied ☐ withdrawn.

### D. Adjustment of Status
☐ Adjustment of Status under INA §
was ☐ granted ☐ denied
☐ withdrawn.

### E. Other


## III. Voluntary Departure

☐ Respondent's application for ☐ pre-conclusion ☐ post-conclusion voluntary departure was ☐ denied ☐ granted.
☐ Further information regarding voluntary departure is attached.

## IV. Removal

☑ Respondent was ordered removed to Venezuela at his request.
☐ In the alternative, Respondent was ordered removed to

## V. Other

☐ Proceedings were ☐ terminated ☐ administratively closed.
☐ Respondent was advised of the limitation on discretionary relief for failure to appear as ordered.
☐ Respondent's status was rescinded under INA § 246.
☐ Other:


Immigration Judge: Caley, Steven 02/24/2020

Appeal:    Department of Homeland Security:    ☑ waived    ☐ reserved
           Respondent:    ☑ waived    ☐ reserved

Number: 216-158-980 Page 2 of 3

Appeal Due:

### Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service
To: [] Alien | [P] Alien c/o custodial officer | [] Alien's atty/rep | [] DHS
By: Lubchenco, Kendra , Court Staff
Date: 02/24/2020

**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

**Warning for Failure to Depart**

| Name: | Field Office: | File #: |
|---|---|---|
| BOTELLO, MIGUEL ANGEL | DVS-T | 216 158 980 |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who—

(A)   willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B)   willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C)   connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such order, or

(D)   willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action Immigration and Customs Enforcement may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

\*       Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| February 24, 2020 | 237a1B |

### Record of Service
### (Check method used)

### Record of Personal Service

| Served By: (Print Name and Title of Officer) | Date: |
|---|---|
| M 8867 KINSEY, Deportation Officer | March 31, 2020 |

| Officer's Signature: | Location of Service: |
|---|---|
|  | ERO - CDF Denver, CO Sub-Office 3130 NORTH OAKLAND STREET AURORA CO 80010 |

| Served On: (Alien's Signature) | Date: |
|---|---|
|  | March 31, 2020 |

|  |  |
|---|---|
| (     ) Warning administered in Court (Copy of order attached) | Record of Personal Service (Cont.) |
| (     ) Certified Mail Service | Fingerprint of Alien (Specify finger used) |

**Attach certified mail receipts here.**

Right Index

Form I-229(a)
(Revised 12/04/02)





U.S. Department of Homeland Security
Enforcement and Removal Operations
12441 E Caley Ave
Centennial, CO 80111

Office of Enforcement and Removal Operations

U.S. Department of Homeland Security
Enforcement and Removal Operations
12441 E. Caley Avenue
Centennial, CO 80111

**U.S. Immigration and Customs Enforcement**

**U.S. Immigration and Customs Enforcement**

Date: March 31, 2020

BOTELLO, MIGUEL                                          A#   A216 158 980
Denver ICE Contract Detention Facility
3130 N Oakland St
Aurora, CO 80010

BOTELLO, Miguel Angel                                   A216 158 980
c/o Immigration and Customs Enforcement
Denver Field Office

## Notice to Alien of File Custody Review

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed, and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file, consideration of the information you submitted to ICE's reviewing officials on 04/21/2020, and upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

You are detained in the custody of U.S. Immigration and Customs Enforcement (ICE) and you are required to cooperate with ICE in effecting your removal from the United States. If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody), ICE's Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you will not pose a danger to the community and will not present a flight risk.

As explained below, after such review, ICE has determined to maintain your custody because:

- You have not demonstrated that, if released, you will not:
  - Pose a danger to the community, to the safety of other persons, or to property.
  - Pose a significant risk of flight pending your removal from the United States.
- ICE is in receipt of expects to receive the necessary travel documents to effectuate your removal, and removal is practicable, likely to occur in the reasonably foreseeable future, and in the public interest.

Your custody status will be reviewed on or about:       May 24, 2020    The Deciding Official may consider, but is not limited to considering the following:

ICE has made such determination based upon: The Significant Likelihood of Removal in the Reasonably Foreseeable Future.

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

Based on the above, you are to remain in ICE custody pending your removal from the United States as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The deciding official will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

### Decision to Continue Detention
BOTELLO, Miguel Angel A216 158 980
Page 2

### Decision to Continue Detention
BOTELLO, Miguel Angel A216 158 980
Page 3

If you have not been released or removed from the United States at the expiration of the three-month period after the 90-day review, jurisdiction of the custody decision in your case will be transferred to the ICE Headquarters (ERO Removal Division), Potomac Center North, 500 12th Street SW, Washington, DC 20536. The ERO Removal Division will thereafter conduct a custody review and will make a determination regarding whether you will continue to be detained pending removal or may be released.

of the date, time, and location of the interview. The representative must be at least 18 years of age.

You will be sent a separate Notice to Alien of Interview for Review of Custody Status approximately 30 days before the interview is scheduled. If you wish to request additional time to prepare for the interview, you must notify your deportation officer within five business days of receipt of the Notice of Interview. If ERO agrees to postpone the interview at your request, you will be deemed to have waived its completion prior to jurisdiction over your case transferring to the ERO Removal Division.

To assist the ERO Removal Division custody review, you will be afforded a personal interview. You and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any, will be notified of the date and time of the interview approximately 30 days prior to the scheduled interview date. This interview may be in person or through a video teleconference. If ERO needs to change the date of the interview, ERO will provide notice to you and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any.

You will be notified of the decision in your case when the custody review has been concluded by the ERO Removal Division.

You may be accompanied during the interview by a person of your choice, subject to security requirements at the detention facility, as long as this person is able to attend the interview at the scheduled time.

Denver (A) Deputy Field Office Director          5/11/2020
                                                  Date

You may submit any additional documentation in English you wish to be considered in support of your release at the time of the interview or via mail service up to five business days prior to the scheduled time prior to the interview to the following address:

## PROOF OF SERVICE

(Officer to complete both (a) and (b) below.)

Denver CDF (GEO)
3130 North Oakland Street
Aurora, CO 80010

(a)   I,    M.Kinney            , Deportation Officer
         Name of ICE Officer            Title
certify that I served     BOTELLO, Miguel Angel     with a copy of
                            Name of detainee
this document at    Denver CDF    on                at
                    Institution        Date         Time

Such documentation should contain a cover letter indicating that the material is submitted in support of your Post Order Custody Review personal interview. An attorney or other person may submit materials on your behalf.

(b)   I certify that I served the custodian
                                              Name of Official
_____     at _____       , on
   Title                  Institution
_____ with a copy of this document.
   Date

You are required to complete the below information.

I do / I do not ____ want a personal interview.

Detainee Signature: _____   Date: 03.22.2020

If you do want an interview, please check the appropriate box(es) below:

☒   Check this box if you need an interpreter for your interview.
    Language/Dialect: _____ Spanish _____

( ) cc: Attorney of Record or Designated Representative
(X) cc: A-File

☐   I will be assisted at this interview by a representative of my own choosing.

    Name: _____

If your representative has not filed a G-28, Notice of Entry of Appearance, on your behalf, you are responsible for notifying any other person you have selected to assist you

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



**U.S. Immigration
and Customs
Enforcement**

BOTELLO, Miguel                                                    A216 158 980
C/O Immigration and Customs Enforcement
Denver Field Office

## Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has
reviewed your custody status and determined that you will not be released from custody at this
time. This decision was based on a review of your file record, personal interview and
consideration of any information you submitted to ICE reviewing officials and upon review of
the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

You are a native and citizen of Venezuela who was last entered the United States as a non-
immigrant visitor. You have a criminal conviction for sexual assault. An immigration judge
ordered your removal from the United States to Venezuela. You filed a Motion to Reopen
(MTR) with the immigration court and your MTR was denied.

ICE ERO is in possession of a travel document to facilitate your removal from the United States.
You are a threat to public safety due to your criminal history, therefore you are to remain in ICE
custody at this time, as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e)
have been satisfied.

This decision, however, does not preclude you from bringing forth evidence in the future to
demonstrate a good reason why your removal is unlikely. You are advised that pursuant to
Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that
you are making reasonable efforts to comply with the order of removal, and that you are
cooperating with ICE efforts to remove you by taking whatever actions ICE requests to affect
your removal.

You are also advised that any willful failure or refusal on your part to make timely application in
good faith for travel or other documents necessary for your departure, or any conspiracy or
actions to prevent your removal or obstruct the issuance of a travel document, may subject you to
criminal prosecution under 8 USC § 1253(a).

*Annette D. Joseph*
_____                                  11/16/2020
Annette Joseph                                        _____
Unit Chief                                              Date

www.ice.gov

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



**U.S. Immigration
and Customs
Enforcement**

BOTELLO, Miguel
C/O Immigration and Customs Enforcement
Denver Field Office

A216 158 980

## Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has reviewed your custody status and determined that you will not be released from custody at this time. This decision was based on a review of your file record, personal interview and consideration of any information you submitted to ICE reviewing officials and upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

You are a native and citizen of Venezuela who was last entered the United States as a non-immigrant visitor. You have a criminal conviction for sexual assault. An immigration judge ordered your removal from the United States to Venezuela. You filed a Motion to Reopen (MTR) with the immigration court and your MTR was denied.

ICE ERO is in possession of a travel document to facilitate your removal from the United States. You are a threat to public safety due to your criminal history, therefore you are to remain in ICE custody at this time, as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied.

This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to affect your removal.

You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

*Annette D. Joseph*
Annette Joseph
Unit Chief

12/07/2020
Date

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



**U.S. Immigration
and Customs
Enforcement**

BOTELLO, Miguel                                                           A216 158 980
C/O Immigration and Customs Enforcement
Denver Field Office

## Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has reviewed your custody status and determined that you will not be released from custody at this time. This decision was based on a review of your file record, personal interview and consideration of any information you submitted to ICE reviewing officials and upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

You are a native and citizen of Venezuela who was last entered the United States as a non-immigrant visitor. You have a criminal conviction for sexual assault. An immigration judge ordered your removal from the United States to Venezuela. You filed a Motion to Reopen (MTR) with the immigration court and your MTR was denied.

ICE ERO is in possession of a travel document to facilitate your removal from the United States. You are a threat to public safety due to your criminal history and an enforcement priority; therefore you are to remain in ICE custody at this time, as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied.

This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to affect your removal.

You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

*Annette D. Joseph*
Annette Joseph
Unit Chief

03/15/2021
Date

www.ice.gov

Case 1:21-cv-01128-GPG    **Miguel Angel Botello**    A# 216158980    **Exhibit 5**

**400 – DAYS REVIEW LETTER AND RELEASE FROM I.C.E CUSTODY UNDER THE
ESTABLISHED REGULATION ZADVYDAS CASE.**

*Botello Miguel Angel*

*A# 216158980*

*Aurora / I.C.E.*

*Processing Center*

*3130 North Oakland Street*

*Aurora, Colorado 80010.*

Headquarters Post – Order Detention Unit

U.S. Department of Homeland Security

Immigration and Customs Enforcement

Office of Enforcement and Removal Operations

500 12th Street, SW

Washington, D.C. 20536

1

---

I request that I.C.E. review my custody status while taking the following information into
consideration, because I believe to quality for release under an order of supervision. I
have been in detention for more than 400 days after my removal order became final
February 24, 2020, It is unlikely that I will be deported to Venezuela in the reasonably
foreseeable future. I am not danger to public safety and nor am I a flight risk. I would like
release under ZADVYDAS RULE.

I entered the United States On March 19, 2017. My home country not accept my
deportation, because Venezuela's Government has broken off diplomatic relations with
Government United States. Venezuela's Government has refused to accept deportation
from united states for many months and there are not flights allowed from Venezuela
to Venezuela.

I am not danger to public safety because I learned from my mistake during this time
incarcerate in County's Jail of Salt Lake City. I began to miss my family, friends and I
began to feel mentally tortured for that I don't know when is my release. I miss my
freedom. I have realized that I hurt someone special in my family and I take full
responsibility for my actions. I am regret any inconvenience to my family. I am regretful
for my own mistake. I took several programs in Aurora / I.C.E. Processing Center these
programs did help in my life.

I am not a significant flight risk, because I will live at 525 Alamosa Avenue Colorado
81101. Phone (719) 296-6547

If released, I will concentrate on working, to learn English, strengthen my spirit and
supporting my family in United States and in Venezuela. I am prepared to comply with all
restrictions imposed on me as part of my release. I have a family in Venezuela and United
States that I need to show my love and support. I will try to make up my family. I have
cooperated with I.C.E.S'S efforts to remove me from United States.

2

---

Botello Miguel A# 216158980

A3

- I submitted passports expired to I.C.E.
- I submitted to I.C.E. birth certificate and others documents.
- I provided names and address of my family that leaving in the United States.
- I provided names and phones of my family residing in Venezuela.
- I provided true and correct name and correct date of birth.
- I submitted documents that show I.C.E. that my country Venezuela is open to
  receive flights of others country.
- I complied with all conditions set on my release.
- I submitted letters certified to different Embassy and Consulates. I did request your
  help if it is possible that them to request me.
- I cannot take any other action that will ensure the issuance of a travel document
  and my removal from United States because do not there are embassy or
  consulate in territory of United States.
- Venezuela's Government has broken off diplomatic relations with the United
  States and does not accept deportation.

For these reasons, I respectfully request that I be released under an order of
supervision so that I may return to lawful employment, and no longer be a financial
burden to the society. Thanks…

Respectfully Submitted.
Botello Miguel Angel
A# 216158980

3

---

AURORA PROCESSING CENTER (REQUEST FORM - KITE)

Botello Miguel    Venezolano    216158980    2151  3-23-21
Name              Nationality    ID #                 TIME/DATE STAMP

A3-105-Y    03-23-2021              [signature]
Housing Unit    Date                Officer Signature

MARK YOUR REQUEST          MARQUE SU PEDIMENTO        Other Request:
☒ ICE                      ☐ INMIGRACIÓN              I Send To you Copy t
☐ COURT                    ☐ CORTE                    This documant: 400 days
☐ LIBRARY                  ☐ BIBLIOTECA               review leTTer and Release
☐ PHONE CALL               ☐ LLAMADAS TELEFÓNICAS     from Ice CusTody Under
☐ CASE MANAGER - MARSHAL SERVICE                      esTablished regulaTion in
  Telephone number/Número de teléfono                 ZADVyDas CASE.

RESPONSE:

Received

Completed YES ☒  NO ☐  BY: Kinsey    DATE: 3/26/21

---

AURORA PROCESSING CENTER (REQUEST FORM - KITE)          12.25 HRs
                                                        24-06-2021
Botello Miguel    Venezolano    216168980    TIME/DATE STAMP
Name              Nationality    ID #

A3-105-Y    04-06-2021    [signature]
Housing Unit    Date        Officer Signature

MARK YOUR REQUEST          MARQUE SU PEDIMENTO        Other Request:
☒ ICE                      ☐ INMIGRACIÓN              I need To Know the
☐ COURT                    ☐ CORTE                    answer of "H.Q.PODU"
☐ LIBRARY                  ☐ BIBLIOTECA               about The LeTTer Rem
☐ PHONE CALL               ☐ LLAMADAS TELEFÓNICAS     "400 days" under ZADVYDAS
☐ CASE MANAGER - MARSHAL SERVICE                       ZADVYDAS.
  Telephone number/Número de teléfono                  Please. Thanks.
Officer : Kinsey

RESPONSE:

I was informed flights will continue
to Venezuela.

YES ☒  NO ☐  BY: Kinsey    DATE: 4/7/21












*República Bolivariana de Venezuela*
*Alcaldía del Municipio San Felipe*
*Estado Yaracuy*
*Dirección de Registro Civil*

### Acta de Nacimiento

*Quien Suscribe, Abogado: Nelson Witremundo Morillo Rojas, en su condición de Director del Registro Civil del Municipio San Felipe Estado Yaracuy, Conforme Resolución N° 060-2010, de fecha primero de septiembre del dos mil diez (01-09-2010), publicada en Gaceta Oficial Municipal Extraordinaria N° 09 de fecha primero de septiembre del dos mil diez (01-09-2010) emanado por el Despacho del Ciudadano Alcalde del Municipio San Felipe del Estado Yaracuy. Acta de Nacimiento N° Mil Sesenta y Siete (1067).- AÑO: 1.972.- Elena de Serva.- Primera Autoridad Civil del Distrito San Felipe, en su condición de Prefecto de Municipio Capital hago constar que hoy: VEINTISEIS DE OCTUBRE NOVECIENTOS SETENTA Y DOS.- Compareció a este Despacho la ciudadana: CARMEN DOLORES BOTELLO, de veinticinco años de edad, soltera, Ama de casa, natural de Nirgua , Estado Yaracuy y residenciada en esta ciudad. Quien manifestó que el día: VEINTINUEVE DE SEPTIEMBRE DEL CORRIENTE AÑO, a las ocho y quince minutos de la noche, en el Hospital Central de esta Ciudad, nació un niño que tiene por nombre: **MIGUEL ANGEL**, quien es su hijo natural.- Fueron testigos presenciales de este acto fueron los ciudadanos: ALBERTO FRANCISCO PALENCIA, de veinticuatro años de edad, soltero, Maestro Rural y ANGEL AVILA, de veintidós años de edad, soltero, Mecánico, ambos de este domicilio.- Leída la presente acta al presentante y testigos manifestaron conformidad y firman.- Prefecto.- Presentante.- Testigos.- Secretaria.- Firmas Ilegibles.- Es copia fiel y exacta de su original que la contiene en San Felipe, a los Dos (02) días del mes de Mayo del Dos Mil Trece (2013).- AÑOS: 201° y 153°*

*Abogado Nelson Witremundo Morillo Rojas*
*Director del Registro Civil*
*del Municipio San Felipe Estado Yaracuy*

ABG SIERRA

## Family and friends at Venezuela.

| | | |
|---|---|---|
| Botello, Carmen | 011-58-424-5108119 | Yaracuy state. |
| Hernandez, Dolores | 011-58-416-8537672 | Yaracuy state. |
| Bravo, Maria | 011-58-412-1546985 | Yaracuy state. |
| Lugo, Islanda | 011-58-424-5431721 | Yaracuy state. |
| Leon, Gustavo | 011-58-416-3800004 | Anzoátegui state. |
| Loreto, Zoraida | 011-58-414-3942504 | Anzoátegui state. |

## Family and friends at United States.

| | | |
|---|---|---|
| Gimenez, Victor | 385 - 313 – 5363 | Salt Lake City. |
| Carlos, Rodriguez | 801 - 471 - 5072 | Provo – Utah. |
| Katty Lugo | 385 - 528 - 8885 | Layton - Utah |



Dated On March 02, 2021.

From: Botello Miguel Angel

A # 216158980

To: Venezuela Embassy or Consulate.

Dear: Ambassador or Consul of Venezuela, My name is Botello Miguel Angel Identify Card # 11277730 Venezuelan born I San Felipe - Yaracuy State On September 29, 1972 Residence in Barcelona – Anzoátegui State  Avenue Rio Apartments Rio building 7 apartment 7B.

I am writing this letter upon requesting of your embassy certain documents; a current or valid passport or any type of document that will allow me to travel to my native country Venezuela and allow me to The United States (I.C.E.) customs to secure my precious deportation. I have 1 year and 1 month with a full deportation order and still currently detained in Aurora/I.C.E. Processing Center at 3130 North Oakland Street, Aurora, CO. 80010, your cooperation would be highly considered. Thank you very much.

Sincerely,

_____

Botello Miguel

A # 216158980

Aurora Contract Detention Facility

3130 North Oakland Street

Aurora, CO. 80010.

## AURORA PROCESSING CENTER (REQUEST FORM - KITE)

16 L5 / 28/21
TIME/DATE STAMP

Name: Botello Miguel
Nationality: Venezolano
ID #: 216158980

Housing Unit: AB-105-4
Date: 01-28-2021
Officer Signature: Costman

**MARK YOUR REQUEST**
- ☒ ICE
- ☐ COURT
- ☐ LIBRARY
- ☐ PHONE CALL
- ☐ CASE MANAGER - MARSHAL SERVICE
  Telephone number/Numero de teléfono

**MARQUE SU PEDIMENTO**
- ☐ INMIGRACIÓN
- ☐ CORTE
- ☐ BIBLIOTECA
- ☐ LLAMADAS TELEFÓNICAS

Other Request:
I am Send This information (Travel-Trip) for my deportation To VENEZUELA. I am Send lasT November 2020 This information.
CAN you give me back That information. (Sigh) Please.
Thanks.

**RESPONSE:**
you cannot purchase your own ticket. you will be notified when a flight has been scheduled.

Completed YES ☒   NO ☐   BY: D Alexander   DATE: 2-1-2021

## AURORA PROCESSING CENTER (REQUEST FORM - KITE)

2300
TIME/DATE STAMP

Name: Botello Miguel
Nationality: Venezolano
ID #: 216158980

Housing Unit: A3-109-2
Date: 11-23-2020
Officer Signature:

**MARK YOUR REQUEST**
- ☒ ICE
- ☐ COURT
- ☐ LIBRARY
- ☐ PHONE CALL
- ☐ CASE MANAGER - MARSHAL SERVICE
  Telephone number/Numero de teléfono
  Too MEXICO-Venezuela

**MARQUE SU PEDIMENTO**
- ☐ INMIGRACIÓN
- ☐ CORTE
- ☐ BIBLIOTECA
- ☐ LLAMADAS TELEFÓNICAS

Other Request:
OK. NO MORE EXCUSES My Country is open. Miami - Rep Dominicana by America Airlines and Rep Dominicana-Venezuela by LASER days Friday and Sunday. I want my DeporT as soon as possible. Thanks.

**RESPONSE:**
You are a deportee. Flights are different because you are being deported.

Completed YES ☐   NO ☐   BY: Lauci   DATE: 11/25/20

**AURORA PROCESSING CENTER (REQUEST FORM - KITE)**

5-19-20 @ 1140
TIME/DATE STAMP

Botello Miguel
Name

Venezolano
Nationality

216 158980
ID #

A3-109-2
Housing Unit

05-19-2020
Date

Brinkhoff
Officer Signature

Bin 262 o/F· A²

| MARK YOUR REQUEST | MARQUE SU PEDIMENTO | Other Request: I Request to |
|---|---|---|
| ☐ ICE | ☐ INMIGRACIÓN | have Copy of my |
| ☐ COURT | ☐ CORTE | Passport & ID form |
| ☐ LIBRARY | ☐ BIBLIOTECA | Venezuela to give |
| ☐ PHONE CALL | ☐ LLAMADAS TELEFÓNICAS | |
| ☐ CASE MANAGER - MARSHAL SERVICE | | |
| Telephone number/Numero de teléfono | | |

Proof to ICE of my nationality are in my propety

RESPONSE:

I Cc has your passport.
contact your ICE officer.

Completed YES ☒   NO ☐   BY: _____   DATE: 5/21/20

---

**AURORA PROCESSING CENTER (REQUEST FORM - KITE)**

1630   4/7/21
TIME/DATE STAMP

Botello Miguel
Name

Venezolano
Nationality

216158980
ID #

A3-105-4
Housing Unit

04/07/2021
Date

Coleman
Officer Signature

| MARK YOUR REQUEST | MARQUE SU PEDIMENTO | Other Request: |
|---|---|---|
| ■ ICE | ☐ INMIGRACIÓN | I need a Copy of my |
| ☐ COURT | ☐ CORTE | Travel document that |
| ☐ LIBRARY | ☐ BIBLIOTECA | ICE ERO has for |
| ☐ PHONE CALL | ☐ LLAMADAS TELEFÓNICAS | my deportation. |
| ☐ CASE MANAGER - MARSHAL SERVICE | | Please. thanKs. |
| Telephone number/Numero de teléfono | | |

RESPONSE:                                    I need This To attend
                                             To process Legal.

Travel document copies are
not provided.

Completed YES ☐   NO ☐   BY: _____   DATE: 4/9/21

**AURORA PROCESSING CENTER (REQUEST FORM - KITE)**

Botello Miguel    Venezolano    216158980
Name             Nationality   ID #

*1446*
*10-19-20*
TIME/DATE STAMP

A3-109-2    10-19-2020
Housing Unit   Date

Officer Signature

| MARK YOUR REQUEST | MARQUE SU PEDIMENTO | Other Request: |
|---|---|---|
| ☒ ICE | ☐ INMIGRACIÓN | I need To KNOW OVER my Deport. Please... This is a TorTure is Too Time. Please... |
| ☐ COURT | ☐ CORTE | |
| ☐ LIBRARY | ☐ BIBLIOTECA | |
| ☐ PHONE CALL | ☐ LLAMADAS TELEFÓNICAS | |
| ☐ CASE MANAGER - MARSHAL SERVICE | | |
| Telephone number/Numero de teléfono | iSTo much Time → | |

RESPONSE:

Will    remove    as    soon    as    possible.

Completed  YES ☒    NO ☐    BY: _____ 9511    DATE: 10/20/20

**AURORA PROCESSING CENTER (REQUEST FORM - KITE)**

Botello Miguel    Venezolano    216158980
Name             Nationality   ID #

1210  12-1-20
TIME/DATE STAMP

A3-109-2    12-01-2020
Housing Unit   Date

Officer Signature

| MARK YOUR REQUEST | MARQUE SU PEDIMENTO | Other Request: |
|---|---|---|
| ☒ ICE | ☐ INMIGRACIÓN | I need To Know. Why you don'T deporTed me? you have my Travels documents. My CounTry is open. |
| ☐ COURT | ☐ CORTE | |
| ☐ LIBRARY | ☐ BIBLIOTECA | |
| ☐ PHONE CALL | ☐ LLAMADAS TELEFÓNICAS | |
| ☐ CASE MANAGER - MARSHAL SERVICE | | |
| Telephone number/Numero de teléfono | | |

RESPONSE:

I received new information I will submit to th HQ officer in charge of your case. I will look into any arrangements that can be made

Completed  YES ☒    NO ☐    BY: _____ kin    Page 29 of 29    DATE: 12/1/2020

# Certificate

I, Miguel Angel Botello, A # 216158980, hereby certify that on May 5th, 2021, I mailed this
document via priority legal: Petition for Writ of Habeas Corpus to:

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901 19th Street., Room A105
Denver, CO 80294-3589

Applicant's Original Signature.

Miguel Angel Botello. *Pro se.*
A # 216158980
Aurora Contract Detention Facility.
3130 North Oakland Street.
Aurora, CO 80010

From:

Miguel Angel Botello

A# 216158980
Aurora Contract Detention Facility
3130 North Oakland Street
Aurora, CO 80010

To:

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901-19TH ST., ROOM A105
DENVER, CO 80294-3589

I, Miguel Angel Botello A#216158980, am submitting an extra copy of Petition for Writ of

Habeas Corpus under 28 § 2241 for you to stamp an official seal  and send it back to me to have

an official proof of my motion please. Thank you very much.

Sincerely,

Miguel Angel Botello

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 07 2021

JEFFREY P. COLWELL
CLERK